IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Latroy Cohen, #54769, ) | |
| ) | |
| Plaintiff, ) | C/A No. 0:08-0375-GRA-PJG |
| ) | |
| v. ) | |
| ) | |
| Chief Deputy M. Lucas, and ) | |
| Sheriff J. Al Cannon, Jr., ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the defendants' motion for summary judgment. (Docket Entry 21.) The plaintiff, Michael Latroy Cohen ("Cohen"), a state prisoner proceeding *pro se*,[1] filed this action pursuant to 42 U.S.C. § 1983, claiming that the defendants violated his constitutional rights.

## BACKGROUND

Cohen filed this action on February 5, 2008, alleging claims concerning the conditions of his confinement and asserting deliberate indifference to his medical needs while he was at Charleston County Detention Center. Specifically, Cohen contends that he was placed in Unit 1-A, a segregation unit; that on one occasion he was placed in a bare cell without shoes, sheets, a mattress,[2] or shower shoes; that he was placed, as punishment, on a special diet that is not nutritionally adequate; and that he suffered from various pains without proper medical care, all of which he

---

[1] At the time Cohen filed this case, he was a pre-trial detainee at Charleston County Detention Center. However, he has since entered into state custody and is currently a state prisoner at Kirkland Reception and Evaluation Center.

[2] Cohen further contends that when he was given a mattress, it was soaked with urine. However, even if true, Cohen has presented absolutely no evidence that the defendants knew the mattress was in such a condition and were deliberately indifferent. See Farmer v. Brennan, 511 U.S. 825, 847 (1994) (stating that the standard of deliberate indifference requires actual knowledge of a substantial risk of harm and disregard of that substantial risk).

argues amount to cruel and unusual punishment and deliberate indifference to his health and safety. (See Compl., Docket Entry 1). Furthermore, Cohen asserts that Defendant Lucas, the administrator of the Charleston County Detention Center, failed to respond to his complaints and has threatened him on several occasions. (Id.)

On May 27, 2008, the defendants filed a motion for summary judgment. (Docket Entry 21.) By order of this court filed May 28, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Cohen was advised of the dismissal and summary judgment procedures and specifically advised that if he failed to respond, the defendants' motion may be granted. (Docket Entry 22.)

Notwithstanding the specific warning and instructions as set forth in the Court's Roseboro order, Cohen failed to respond to the motion. As the plaintiff is proceeding *pro se*, the court filed a second order on July 8, 2008, advising Cohen that it appeared to the court that he was not opposing the motion and wished to abandon this action, and giving the plaintiff an additional twenty days in which to file his response to the defendants' motion for summary judgment. (Docket Entry 24.) Cohen was specifically warned that if he failed to respond, this action would be recommended for dismissal with prejudice for failure to prosecute. Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978), Rule 41(b) Fed. R. Civ. P.

Cohen filed a motion for an extension of time on July 25, 2008, requesting an additional thirty days to file his response. (Docket Entry 26.) The plaintiff's motion was granted on August 1, 2008. (Docket Entry 27.) Despite this extension of time, Cohen still did not respond. The court entered an additional order on October 6, 2008, notifying the plaintiff that he must advise the court within fifteen days as to whether he wished to continue with his case and file a response to the defendants' motion for summary judgment. (Docket Entry 34.) Cohen was again advised of the consequences for failing to respond. Cohen did not respond to this order. However, by letter dated

November 28, 2008,[3] Cohen stated that he "will continue to move forward with this case" and informed the court of a change in address. (Docket Entry 39.)

### DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319

---

[3] Notably, this letter was dated more than thirty days after the deadline in the court's October 6 Order.

(1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir.1990).

**B.     Defendants' Motion for Summary Judgment**

   **1.     Conditions of Confinement**

Conditions of confinement of pretrial detainees are evaluated under the Due Process Clause of the Fourteenth Amendment rather than under the Eighth Amendment's proscription against cruel and unusual punishment. Bell v. Wolfish, 441 U.S. 520, 535, 537 n.16 (1979); see also Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988). The administrators of facilities "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Bell, 441 U.S. at 547. "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial." Id. at 540.

In Turner v. Safley, 482 U.S. 78 (1987), the United States Supreme Court enunciated the test for determining whether a prison regulation impinges on an inmate's constitutional rights. The Turner Court held that such a regulation is valid "if it is reasonably related to legitimate penological interests." Turner, 482 U.S. at 89. To meet this standard, "there must be a 'valid, rational connection' between the prison regulation and the legitimate governmental interest put forward to justify it." Id. The Turner test applies to pre-trial detainees. Hause v. Vaught, 993 F.2d 1079, 1082 (4th Cir. 1993).

The undisputed evidence shows that Cohen has a history over the course of several periods of detention at the Charleston County Detention Center of violent, disruptive behavior, including multiple assaults on corrections officers, serious threats to public officials, and disorderly conduct. (See Incident Reports, Docket Entries 21-8, 21-10, 21-12, 21-13, 21-14, 21-16, 21-21, 21-23, 21-24, 21-25; Turner Aff. Docket Entry 21-19; Lucus Aff., Docket Entry 21-49.)  Because of his violent and disruptive past behavior, jail administrators judged Cohen to be a security threat who posed a risk of harm to himself, other detainees, and detention center officers.  (See Lucas Aff., Docket Entry 21-49.)  Therefore, in accordance with the standard practice of Charleston County Detention Center when handling violent and unruly detainees, Cohen was placed in Unit 1-A—the disciplinary unit serviced by the Tactical Action Control Team—when he returned to Charleston County Detention Center in October 2007.  (Id.)  As evidenced by Cohen's assault on three detention center officers on November 18, 2007, even placement in Unit 1-A did not ameliorate Cohen's risk to the security of the detention center.  (See Incident Report, Docket Entry 21-16.)  Thereafter, according to Chief Deputy Lucas, additional security measures were taken:  Cohen was placed on a security diet consisting of a bag meal eliminating all items that potentially could be used as projectiles; and telephone and visitation privileges were suspended to minimize Cohen's contact with detention center officers who would otherwise have to transport Cohen to different areas of the detention center for these privileges.  (See Lucas Aff., Docket Entry 21-49.)  In addition, any mail Cohen received had to be returned to jail officials after being read, and canteen privileges were limited to purchases only off the "Segregation Menu."  Chief Deputy Lucas avers that "restriction of [these] privileges served to demonstrate to Mr. Cohen that the officers were in control of the Detention Center."  (Id.)

Based on the unrefuted evidence, the court finds that the conditions of which Cohen complains did not violate the Turner v. Safley standard.  The defendants have articulated a rational

connection between the practices of which Cohen complains and the legitimate security concerns for other detainees and the guards at the detention center. These practices, while uncomfortable for Cohen, are reasonably related to that interest. Bell, 441 U.S. at 546 ("A detainee simply does not possess the full range of freedoms of an unincarcerated individual."); Lasure v. Doby, C/A No. No. 0:06-cv-1527, 2007 WL 1377694, *5 (D.S.C. 2007) (noting that plaintiff was "being held in a county jail facility, not a hotel").

Accordingly, viewing the evidence in the light most favorable to Cohen, there is no evidence that the practices of the Charleston County Detention Center of which Cohen complains rose to the level of a constitutionally impermissible punishment in violation of the Fourteenth Amendment.

### 2. Deliberate Indifference to Serious Medical Needs

Cohen alleges in his complaint that the lack of food from the restricted diet caused him to lose weight, as well as suffer from "chest and body pain, headaches, and severe cramps." (Docket Entry 1-2 at 2.) He further contends that the lack of food exacerbated his "mental disabililty." (Id. at 3.) The defendants argue that they were not deliberately indifferent to any serious medical needs that Cohen alleges. In support of their argument, the defendants have submitted as exhibits to their motion excerpts from Cohen's medical records through April 2008. According to his medical records, Cohen was seen at least fourteen times in the three-month period prior to filing his complaint. (Docket Entry 21-44.)

As noted above, medical claims of pre-trial detainees are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. Hill v. Nicodemus, 979 F.2d 987, 990 (4th Cir. 1992). However, the standard for reviewing claims of pre-trial detainees is the same as that for a convicted prisoner under the Eighth Amendment—deliberate indifference to serious medical needs. Id. at 991; see also Martin v. Gentile, 849 F.2d 863, 871 (4th Cir.1988) (citing Estelle v. Gamble, 429 U.S. 97 (1976)). Generally, "[d]isagreements between an inmate and

a physician over the inmate's proper medical care do not state a § 1983 claim." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). As evidenced by his medical records, Cohen made numerous "sick call requests." (See generally Medical Records, Docket Entries 21-28 to 21-48.) In response to the requests, it appears that over the course of his care Cohen was medically evaluated physically and mentally on multiple occasions, underwent lab work, received a chest x-ray, and was prescribed multiple types of medication. (Id.) On each of his medical visits, Cohen made no verbal health complaints and no significant physical findings were noted by the treating physician. (Docket Entry 21-44.) The record clearly shows that Cohen received medical treatment when requested and that he was found to have no serious medical needs. Further, if any injury did occur, there is no evidence that it rose beyond the *de minimis* type of injuries that are not compensable in a § 1983 action. See Riley v. Dorton, 155 F.3d 479 (4th Cir. 1998) (stating that "under the Fourteenth Amendment 'there is, of course, a *de minimis* level of imposition with which the Constitution is not concerned'") (quoting Ingraham v. Wright, 430 U.S. 651, 674 (1977)).

### 3.     Supervisory Liability/Immunity from Suit

Cohen has not alleged that Defendant Sheriff Cannon was personally responsible for any of the conditions of which he complains. Accordingly, he cannot recover damages from this defendant under 42 U.S.C. § 1983. See Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985) ("In order for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. The doctrine of respondeat superior has no application under this section.'") (quoting Vinnedge v. Gibbs, 550 F.2d 926 (4th Cir. 1977)). Moreover, to the extent Defendant Cannon is sued in his official capacity, he is immune from suit under the Eleventh Amendment to the United States Constitution. See Cromer v. Brown, 88 F.3d 1315, 1332 (4th Cir. 1996) (holding that the county sheriff is an arm of the State and immune from suit under §1983 for monetary damages); Gulledge v. Smart, 691 F. Supp. 947, 954-55 (D.S.C.

1988) (concluding that sheriffs and deputy sheriffs are agents of the state and cannot be sued in their official capacities). Finally, to the extent the defendants are sued in their individual capacities, they are entitled to qualified immunity. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) ("[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.").

## RECOMMENDATION

For the foregoing reasons, the court recommends that the defendants' motion for summary judgment (Docket Entry 21) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 23, 2009
Columbia, South Carolina

*The parties are referred to the Notice Page attached hereto.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).